IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                         OPINION AND ORDER

        Plaintiff,

                                         19-cv-957-bbc
                                         08-cr-7-bbc

    v.

ANTHONY C. DUMAS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Anthony C. Dumas has filed a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, in the hopes that this court will remove a two-point enhancement for possessing a gun that he says was imposed on him when he was sentenced on July 21, 2008. He believes that if the court does this, he will become eligible to participate in the Residential Drug Abuse Program. His motion will be denied, because he has not shown that he has any claim to relief under § 2255.

      It appears that defendant is seeking to appeal the sentence imposed on him on July 21, 2008. As a general rule, a defendant can appeal from a sentence only if he does so within one year after the sentence becomes final, 28 U.S.C. § 2255(f), but there are some exceptions to this rule. One allows a late filing for a defendant who can show that a government-created impediment to challenging his sentence was removed less than a year before the date on which he filed his motion. Another allows a late filing in an instance in

1

which the Supreme Court has newly recognized the right asserted and a third requires a showing that the defendant could not have discovered the facts supporting his claim earlier, even if he had exercised due diligence. Defendant has not shown that he can make any of these showings or that they would be of any help to him.

Defendant has never been sentenced in this court for possession of a firearm. He was charged with such a crime when he was first indicted, but that charge was dismissed when he agreed to plead guilty to the drug charge for which he is now serving time: possessing five grams or more of crack cocaine. Nothing in the court records shows that the firearm charge was ever reinstated. This is an additional reason for denying his § 2255 motion.

Although the present motion is being denied, defendant was given a reduction in his sentence under the First Step Act of 2018. His 2008 sentence of 188 months of imprisonment was reduced to a sentence of 155 months, by agreement of the Assistant United States Attorney and defendant's counsel. Dkt. #61.

Petitioner is advised that Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will

issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.


ORDER

Defendant Anthony C. Dumas's motion to vacate, set aside or correct his sentence under 28 U.S. C. § 2255 is DENIED for his failure to show any ground for the relief he is seeking. No certificate of appealability shall issue.

Entered this 23d day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge